# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANTUAN BURRESS-EL,

        Plaintiff,

   v.

DAVID KELLEY, et al.,

        Defendants.

Case No. 1:18-cv-254

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On January 19, 2018, Plaintiff Antuan Burress-El[1] filed an unsigned motion seeking leave to file a fourth complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-2). The Defendants are identified as David Kelley and Melissa Powers. The undersigned takes judicial notice of the fact that David Kelley is a Magistrate in the Hamilton County Juvenile Court, and that Melissa Powers is a Hamilton County Juvenile Court Judge.

### I. General Screening Authority

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it,

---

[1] Plaintiff has filed four prior lawsuits in this Court, virtually all of which have been dismissed at the screening level, including Case Nos. 1:17-cv-866-TSB-KLL, 1:18-cv-40-MRB-SKB, 1:18-cv-64-SJD-KLL, and 2:18-cv-98-ALM-CMV. Two additional lawsuits were filed in 2014 under the name Antuan L. Burress (with the same address and what appears to be the same signature, other than the absence of the "El" portion of his current surname). *See* Case Nos. 1:14-cv-390, 1:14-cv-391.

should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Allegations Of Complaint**

Plaintiff's complaint alleges, in relevant part, that Plaintiff "was robbed of my inalienable rights February 15, 2018," that the Defendants deprived Plaintiff of unspecified constitutional rights, that Magistrate Kelley "trespassed by attempting to threaten i: a man," and that Judge Powers "trespassed by terminating my parental rights

3

without due process of judicial law." (Doc. 1-1 at 3). Plaintiff further asserts "a claim against David Kelley and Melissa Powers to clear my name of character assassination made against i a man." (Id.) In his claim for relief, Plaintiff monetary compensation in the amount of $1,000.00 per day against Defendant Kelley, and "charges of $1.5 million …from Melissa Powers for her abuse of power against a citizen who has no felonies or judicial case of domestic violence, POS, or neglect." (Doc. 1-1 at 4).

The remainder of Plaintiff's complaint consists of miscellaneous documents attached as exhibits, including but not limited to what purports to be text from Black's Law Dictionary, a screen shot of a page from a government educational resource website on "Understanding Federal and State Courts," and provisions on "professional liability insurance" that purport to be from the U.S. Department of State Foreign Affairs Manual Volume 3.[2] Additionally, Plaintiff has attached documents from what appears to be a pending case in Hamilton County Juvenile Court, Case No. P/15/001124 Z, assigned to Magistrate Kelley, and notifying Antuan L. Burress that a hearing before that judicial official has been continued to April 11, 2018 at 9:45 a.m. (*See* Doc. 1-1 at 21 (Order continuing hearing); *id.* at 20 (notifying Plaintiff of hearing to be held the same date at 9:45 a.m.). The date that Magistrate Kelley signed his Order continuing the hearing has been circled, and corresponds with the only date referenced in Plaintiff's federal complaint: February 15, 2018.

**III. Analysis of Claims**

Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety. The complaint lacks factual content or context from which

---

[2]Similar provisions from the same policy manual were attached to Plaintiff's last lawsuit, Case No. 1:18-cv-40.

4

the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against the Defendant. To the extent that Plaintiff may be invoking the diversity jurisdiction of this Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. The citizenship of the Plaintiff is not diverse from that of the Defendants.

The Court is also without federal question jurisdiction over the complaint. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Although difficult to decipher, it appears that Plaintiff is challenging an ongoing family law dispute in state court relating to a termination of his parental rights.[3]

More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see*

---

[3] Plaintiff has presented similar claims in several of his prior lawsuits, which have also been summarily dismissed at the screening level. *See, e.g.*, Case No. 1:14-cv-391.

*Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 241 Fed. App'x 285, 287–290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Those reasons include, but are not limited to, the fact that Plaintiff's factual allegations are insufficient to state any cognizable claim, and the only identified Defendants are state judicial officers who are absolutely immune from suit. Even if this Court otherwise had jurisdiction, it would be required to abstain from interfering in what appears to be an ongoing state court proceeding. *See also, generally, Younger v. Harris,* 401 U.S. 37 (1971).

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory references to violations of his civil rights are not sufficient—even if they did not merit dismissal under Fed.R.Civ.P. 12(b)(6)—to grant federal jurisdiction. Accordingly, Plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B). In addition, because Plaintiff now has filed several lawsuits that relate to claims arising out of Hamilton County Juvenile Court proceedings, Plaintiff is FOREWARNED that additional attempts to file similar lawsuits will not only be summarily dismissed at the screening level, but may invite sanctions from this Court if deemed to be vexatious.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTUAN BURRESS-EL,

        Plaintiff,

   v.

DAVID KELLEY, et al.,

        Defendants.

Case No. 1:18-cv-254

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7